UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WILLIAM GRANVILLE COBLIN, JR., )<br>  *as Executor of the Estate of Pollyann* )<br>  *Coblin* )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DEPUY ORTHOPAEDICS, INC., et al., )<br>      Defendants. )<br>) | Civil Action No.<br>3:22-cv-00075-GFVT-MAS |

## MEMORANDUM OPINION & ORDER

Defendants Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc., DePuy Products, Inc., DePuy International, Limited, DePuy Synthes, Inc., Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International (collectively "Defendants") have filed a Motion for a Protective Order [DE 104] seeking, in essence, the prevention of Plaintiff William Granville Coblin, Jr., Executor of the Estate of Pollyann Coblin ("Coblin"), from taking the deposition of Dr. Mattias Bostrom. Coblin opposes any such order. [DE 106, 108]. The Court, having carefully reviewed the arguments and the record in this case, agrees with Coblin.

### I. PROCEDURAL HISTORY

Generally, this case concerns claims by Coblin against Defendants concerning a certain hip replacement device. The Court, however, focuses on the procedural history in determining the merits of Defendants' motion.

Namely, this case was filed in 2018 as part of a multidistrict litigation pending in the Northern District of Texas ("MDL"). Like with most multidistrict litigations, this litigation as well

1

as others moved forward on issues of discovery, motion practice, and settlement. [DE 8, Page ID# 39]. After more than four years of litigation, the MDL remanded and transferred the case to the Eastern District of Kentucky. [DE 50].

Considering the volume of discovery taken during the MDL, the Court entered a scheduling order focused exclusively on pretrial compliance and the trial. [DE 67]. "The Court understands discovery to be complete. If further discovery is anticipated, the parties are directed to file proposed discovery deadlines." [DE 67, Page ID# 533]. However, after the passing of Pollyann Coblin, the Court permitted limited fact discovery as well as supplemental and rebuttal expert reports. [DE 91]. Per the Amended Scheduling Order, fact discovery was to be completed on or before July 14, 2023. [DE 91, Page ID# 880].

Dr. Bostrom had served as a treating physician for Pollyann Coblin in helping her resolve some of the fallout from her hip replacement prior to her death. During the entire pendency of the case, from its filing in March 2018 through July 14, 2023 (the close of fact discovery), Coblin never deposed Dr. Bostrom.

In late August or early September, Coblin learned that Dr. Bostrom was unavailable for the trial in this matter due to Dr. Bostrom's recent promotion at work and additional work obligations that came along with that promotion. [DE 104, 106]. Thus, Coblin requested to take the trial deposition of Dr. Bostrom on October 24, 2023 [DE 106, Page ID# 1122], three days before the Court's deadline for filing any dispositive motions, motion in limine, and/or *Daubert* motions [DE 91, Page ID# 881].

## II.    ANALYSIS

This very Court has written about the use of trial depositions just recently. *See Stinson v. Protective Ins. Co.*, Civil Action No. 5:21-cv-206-KKC-MAS, 2023 WL 2465770, *2 (E.D.K.Y. March 3, 2023). The Court discussed how trial depositions, while certainly necessary in limited

2

situations, pose a substantial risk for abuse. In short, if a party can take a trial deposition after the Court has ordered discovery closed, then what is even the purpose of the Court's order? *Id*. at *1 (quoting and citing *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692–93 (S.D. Fla. 2014)).

Courts, when considering requests for trial depositions, examine them in the context of a request to modify a court's scheduling order. Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The Court considers multiple factors in determining whether further discovery is appropriate and whether to allow additional time for discovery. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). The factors include: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Id*. The Sixth Circuit has explained that the main inquiry is whether "the moving party was diligent in pursuing discovery." *Id*.; *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Turning to Coblin's request of Dr. Bostrom, the Court applies these four factors.

First, as a treating physician, Coblin cannot dispute that he has known about Dr. Bostrom well before the close of discovery. Coblin makes no effort to argue to the contrary. [DE 106, 108]. However, the operative question is when did Coblin discover that a trial deposition of Dr. Bostrom was necessary. Defendants suggest the operative question is when did Coblin learn Dr. Bostrom may have discoverable information for purposes of a deposition. [DE 104, Page ID# 1095–96]. The Court rejects that framework. If that was the operative question, then a trial deposition of a witness that suddenly become unavailable at trial would never occur.

3

The Court has never suggested as much. *Stinson*, 2023 WL 2465770, *2 ("[T]his Court is not suggesting trial depositions are prohibited. Rather, this Court is simply stating that there must be some evidence that the parties were diligently pursuing discovery and only learned, after the close of discovery, of a witness's unavailability."). Per Coblin, he first learned in late August 2023 or early September 2023 that Dr. Bostrom was unavailable for the trial due to a recent promotion at work that limited his availability. [DE 106, Page ID# 1119]. Coblin immediately requested a trial deposition, and Defendants immediately filed this motion. Given this recency, the Court will find the first factor favors Coblin.

Second, if the Defendants' motion is granted, the Court recognizes the harm that is caused by Dr. Bostrom's missing testimony. So do Defendants. In their supplemental expert reports, Defendants often cite to the treatment provided by Dr. Bostrom as a basis for their opinions. [DE 108, Page ID# 1246]. As with the first, the second factor favors Coblin.

Third, Coblin had an extensive discovery period to accomplish Dr. Bostrom's deposition. Prior to its transfer, the case was active in the MDL for more than four years. In the MDL, Coblin participated in broad fact discovery and engaged Defendants in extensive settlement negotiations. [DE 8, Page ID# 39]. And when the case was finally transferred here, Coblin was once again given the opportunity to conduct additional fact discovery. [DE 91]. By any measure, Coblin had an ample length of discovery by which to take Dr. Bostrom's deposition. The third factor decidedly weighs in favor of Defendants.

Fourth, Coblin and Defendants disagree strongly on whether Coblin was dilatory in seeking the trial deposition. Defendants contend that Coblin had years to conduct Dr. Bostrom's deposition. But that, as referenced above, is not the relevant measure. The issue is whether Coblin was dilatory in discovering the need for a trial deposition. *See Day v. Outback Steakhouse of*

4

*Florida, LLC*, No. 5:20-cv-506-DCR, 2022 WL 1812250, at *2 (E.D. Ky. June 2, 2022) (denying a request for a trial deposition because movant waited seven weeks after finding out the witness was unavailable before requesting a trial deposition); *Stinson*, 2023 WL 2465770, *2 (denying a trial deposition whether the movant had repeatedly sought to extend fact discovery to take the very same deposition that movant now sought to take via a trial deposition).  According to Coblin, Dr. Bostrom let him know that a recent job promotion and the responsibilities that came with that promotion meant he was unavailable for trial.  [DE 106, Page ID# 1119].  Defendants do not contest this narrative.  Defendants counter, nevertheless, that Coblin was in constant communication with Dr. Bostrom and should have known he was unavailable for the trial date since it was set in the May 2023 Amended Scheduling Order.  [DE 110, Page ID# 2044].  If those were the only facts, the Court would side with Defendants.  But the critical distinction here is that Dr. Bostrom's availability changed with his promotion and its added responsibilities.  For this reason, the Court does not find Coblin was dilatory.  In fact, it appears Coblin acted quickly upon discovering Dr. Bostrom's unavailability to ensure he avoided the fate of movants in *Day* and *Stinson*.

      Fifth, Coblin makes no argument that Defendants were unresponsive to prior discovery requests.  As far as the Court can tell, both parties have acted cooperatively towards discovery efforts.  Coblin describes that he granted Defendants prior request to take a trial deposition of Dr. Norman Ellingsen on March 21, 2023, when, at that time, fact discovery had closed, and trial was scheduled for August 14, 2023.  [DE 106, Page ID# 1124].  Although Defendants are certainly free to deny Coblin's trial deposition request, the Court notes the universal idiom that what is good for the goose is good for the gander.  Regardless, the fifth factor weighs in favor of Defendants.

In sum, the Court emphasizes that the "overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Dowling*, 593 F.3d at 478. As the Court noted in *Stinson*, a request for a trial deposition must be coupled with "some evidence that the parties were diligently pursuing discovery and only learned, after the close of discovery, of a witness's unavailability." *Stinson*, 2023 WL 2465770, *2. Coblin, on the whole, meets that requirement.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion for a Protective Order [DE 104] is **DENIED**. The deposition of Dr. Bostrom scheduled for October 24, 2023, can proceed. To the extent the trial deposition of Dr. Bostrom has an impact on any deadlines contemplated in the Court's Amended Scheduling Order [DE 91], parties are free to seek modification of that Amended Scheduling Order if they can show good cause for such a modification.

Entered this 4th day of October, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY