UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WILLIAM GRANVILLE COBLIN, JR., *as Executor of the Estate of Pollyann Coblin* <br>     Plaintiff, <br><br> v. <br><br> DEPUY ORTHOPAEDICS, INC., et al., <br>     Defendants. | Civil Action No. <br> 3:22-cv-00075-GFVT-MAS |

**MEMORANDUM OPINION & ORDER**

Plaintiff William Granville Coblin, Jr., Executor of the Estate of Pollyann Coblin ("Coblin"), has filed a Motion to Strike Supplemental Expert Disclosures [DE 109] made by Defendants Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc., DePuy Products, Inc., DePuy International, Limited, DePuy Synthes, Inc., Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International (collectively "Defendants"). Defendants counter that the expert disclosures are pursuant to the Court's Amended Scheduling Order [DE 91]. [DE 115]. Upon review and careful consideration of Judge Van Tatenhove's intent when providing an opportunity for supplemental expert disclosure, the Court will deny Coblin's motion.

    **I.    PROCEDURAL HISTORY**

As this Court recently explained [DE 111] and as with most multidistrict litigations, the procedural history of this case is unique. Filed back in 2018, this case was originally included as part of a multidistrict litigation pending in the Northern District of Texas ("MDL"). When the case was remanded and transferred to the Eastern District of Kentucky [DE 50], the Court entered

1

a Scheduling Order focused on pretrial compliance and the upcoming trial. [DE 67]. "The Court understands discovery to be complete. If further discovery is anticipated, the parties are directed to file proposed discovery deadlines." [DE 67, Page ID# 533].

Tragically, on February 21, 2023, Pollyann Coblin passed away. Soon after, Defendants sought to amend the Court's Scheduling Order "to investigate the link between Ms. Coblin's death and the Defendants' hip implant." [DE 91, Page ID# 879]. For example, Coblin raised the issue of possible blood clotting impacting Pollyann Coblin's passing. [DE 91, Page ID# 880]. For this reason, the Court entered the Amended Scheduling Order permitting the parties to conduct additional discovery, including filing supplemental expert reports.

At the deadline for supplemental expert disclosures, Defendants tendered reports for the following experts: (1) Gonzalo R. Ballon-Landa, M.D. (infectious disease); (2) Keith D. Calligaro, M.D., F.A.C.S. (vascular surgery); (3) Edward Ebramzadeh, Ph.D. (device review); (4) Roger H. Emerson, M.D. (orthopedic surgery); and 5) Scott Nelson, M.D., Ph.D. (pathology). [DE 109, Page ID# 1396-97]. These reports are now at the center of Coblin's Motion to Strike.

## II.     ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "pleading" is defined as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original third party is summoned under the provisions of Rule 14; and a third-party answer if a third-party complaint is served." FED. R. CIV. P. 7(a). Rule 12(f) motions to strike pleadings are generally disfavored. *See, e.g., Cooper v. Bower*, No. 5:15-cv-249, 2018 WL 663002, at *2 (W.D. Ky. Jan. 29, 2018). That disfavor only increases when courts are faced with motions to strike non-pleadings. *See City of Kalamazoo v. Michigan Disposal Serv. Corp.*,

2

125 F.Supp.2d 219, 221-22 (W.D. Mich. 2000). Various courts have held that motions, briefs, affidavits, and evidentiary matters are not "pleadings" for the purpose of Rule 12(f). *See Int'l Coal Group, LLC v. Massey Coal Sale Co., Inc.*, No. 05-cv-223, 2006 WL 8445431, at *1 (E.D. Ky. April 17, 2006) (citing several authorities in support). With this framework, Coblin's Motion to Strike falls short for a couple reasons.

First, Coblin is asking the Court to take a disfavored act against a non-pleading. From the start, Coblin's Motion is fighting uphill. Nevertheless, the Court takes enforcement of its own deadlines seriously. *Birge v. Dollar General Corp.*, No. 04-2531, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) (holding that "a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded").

Second, the Court's Amended Scheduling Order plainly contemplated the parties bringing new experts to bear. As the Court stated, "Defendants did not have an opportunity to investigate blood clotting during discovery." [DE 91, Page ID# 880 (citing *Duggins v. Steak N' Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)]. Although the court used the term supplemental, the Court then nor the Court now construed the use of that term to mean the parties were limited to only adding onto the already existing cadre of experts in the case. In fact, in its Amended Scheduling Order, the Court specifically noted that Pollyann Coblin's death raised numerous issues that had not been addressed to date, something even Coblin then acknowledged. [DE 91 ("Mr. Coblin acknowledged that Ms. Coblin's death requires fact-gathering by already producing medical records regarding Ms. Coblin's death and agreeing that 'additional work is needed.'")]. And Defendants, in responding to Coblin's Motion to Strike, explain how each supplemental expert report relate to the numerous issues surrounding Mrs. Coblin's death. [DE 115, Page ID# 2074-2077]. For example, Defendants explain how Dr. Ballon-Landa rules out that the infections he

opined about previously had no role in Mrs. Coblin's passing; Dr. Emerson discusses how "the infections and lymphedema Plaintiff identifies as part of the 'chain of events' that led to Mrs. Coblin's death are unrelated to any vascular injury"; and Dr. Nelson discusses how there is no evidence of metal wear debris that contributed to her death. [DE 115, Page ID# 2076]. All of this information goes to the very issue the Court asked the parties explore: address how, if it all, Defendants' product impacted the passing of Mrs. Coblin.

Coblin counters that these supplemental expert reports go far beyond addressing issues surrounding Mrs. Coblin's death. He points out that some of the information relied upon by these experts was available to them before Mrs. Coblin's death. [DE 117, Page ID# 2355]. Coblin may be right. But Coblin offers the Court a hatchet when, at best, a scalpel may be necessary. The Court declines the hatchet. After review of the supplemental expert reports and careful consideration of their assumed expert depositions, Coblin is still free to make pretrial filings to exclude specific, targeted testimony from these experts that exceed the scope contemplated by the Court in the Amended Scheduling Order limiting new experts to address Mrs. Coblin's death. The Court is far from prejudging that motion practice one way or the other, but rather simply declining to take broad, drastic action discouraged by Rule 12(f) at this early stage. Such harm to Defendants is beyond the scope contemplated by the Amended Scheduling Order and guts their defense. Conversely, when Coblin is already taking an expert deposition [DE 111], he cannot be prejudiced by allowing Defendants an opportunity to do the same.

### III. CONCLUSION

For the foregoing reasons, Coblin's Motion to Strike Supplemental Expert Disclosures [DE 109] is **DENIED**.

Entered this 17th day of October, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY