UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

WILLIAM GRANVILLE COBLIN, JR., *as*            )
*Executor of the Estate of Pollyann Coblin,*   )
                                               )
          Plaintiff,                           )        Civil No. 3:22-cv-00075-GFVT-MAS
                                               )
v.                                             )
                                               )          **MEMORANDUM**
DEPUY ORTHOPAEDICS, INC., *et al.*,            )        **OPINION & ORDER**
                                               )
          Defendants.                          )
                                               )

*** *** *** ***

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Third Amended Complaint. [R. 96.] Defendants argue that Plaintiff's Third Amendment was improper because she did not have permission to amend. Plaintiff Coblin admits she did not seek leave to amend. Instead, she urges, she amended her Complaint as a matter of course; hence, her Amendment was proper even though it was filed without permission. For the reasons that follow, Defendants' Motion to Strike **[R. 96]** is **DENIED.**

**I**

Following an injury allegedly resulting from Defendants' metal hip replacement device, Ms. Coblin filed suit in the United States District Court for the Northern District of Texas. [R. 1.] Her case is part of a broader multi-district litigation action concerning Defendants' hip replacement implants. [R. 29.] Due to the complexities of the multi-district litigation, a Special Master was appointed. *Id.* After an unsuccessful mediation attempt, the Special Master recommended that Ms. Coblin's case be transferred to the Eastern District of Kentucky. [R. 49.] Accordingly, the case was transferred from the Northern District of Texas to the undersigned in

December 2022.  [R. 50.]  At this point, Plaintiff Coblin has filed three Amended Complaints.

The First Amended Complaint was filed in the Northern District of Texas.  [R. 20.]  After her

action was transferred to the undersigned, Plaintiff sought and was granted leave to file a Second

Amended Complaint.  [R. 80; R. 81.]  Finally, without seeking consent or leave, Plaintiff filed a

Third Amended Complaint.  [R. 87.]  Now, Defendants ask the Court to strike the Third

Amended Complaint from the record for failure to comply with Federal Rule of Civil Procedure

15.  [R. 96.][1]

## II

## A

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15.  Rule

15(a)(1) permits a plaintiff to amend her complaint in one of two ways.  She may amend *once*

"as a matter of course," without the permission of the court or the opposing side.  Fed. R. Civ. P.

15(a)(1).  She can do so either "21 days after serving [her complaint], or if the [complaint] is one

to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P.

15(a)(1).  "In all other cases," she may amend only with the defendant's consent or the court's

permission.  Fed. R. Civ. P. 15(a)(2); *Duncan v. Liberty Mut. Ins.*, No. 16-CV-12570, 2016 WL

9223846, at *1 (E.D. Mich. Sept. 28, 2016) ("[A] party is given one 'free shot' at amending its

pleading.  Once the free shot has been used, the party may amend only with consent or

permission.").

---

[1] After Defendants filed their Motion to Strike [R. 96], Plaintiff moved "in the alternative" for leave to file her Third Amended Complaint.  [R. 100 at 2.]

**B**

It is undisputed that Ms. Coblin's Second Amended Complaint was amended pursuant to the Court's leave.  [R. 80.]  It is also undisputed that the Third Amended Complaint was filed without the Court's leave or the Defendants' consent.  [R. 87.]  Because no consent or leave was sought, the only way the Third Amendment to the Complaint could have been proper is if the Amendment was made as a matter of course under Rule 15(a)(1).  A party may amend only *once* as a matter of course.  Therefore, the propriety of the Third Amendment depends in part upon whether the First Amended Complaint was amended as a matter of course.

Defendants assert that Plaintiff used her one opportunity to amend as a matter of course when she filed her First Amended Complaint.  Thus, the Third Amended Complaint could not have been filed as a matter of course, and instead should have been filed pursuant to the Court's leave or the Defendants' consent.  The Plaintiff disagrees.  She insists her First Amendment was made pursuant to the Court's leave.  With her First and Second Amendments having been made with the Court's leave, she urges, her Third Amendment is her first and only Amendment as a matter of course.  Accordingly, she properly exercised her "one free shot" when she filed her Third Amended Complaint, rendering her Third Amendment permissible within the parameters of Rule 15(a)(1).  *Duncan*, 2016 WL 9223846, at *1.

Plaintiff is correct for two reasons.  First, Plaintiff's First Amendment was made pursuant to the Court's leave (and therefore not as a matter of course).  Second, her Third Amendment was filed within 21 days of Defendants' Motion to Dismiss, making it a proper Amendment as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1)(B).

While this Court cannot say with absolute certainty what another district court intended, upon review of the record, this Court's best assessment is that the District Court for the Northern

3

District of Texas granted Plaintiff leave to file her First Amended Complaint.  Plaintiff's First Amended Complaint was filed pursuant to the parameters of a Scheduling Order entered by Judge Kinkeade of the Northen District of Texas.  Judge Kinkeade's Order stated "[e]ach Plaintiff shall amend pleadings by September 30, 2022."  [R. 99-2.]  Plaintiff filed her First Amended Complaint within this time frame.  [R. 99-3.]  Importantly, her First Amended Complaint was not filed in response to a responsive pleading; nor was it filed within 21 days of service of the original Complaint.  *Contra* Fed. R. Civ. P. 15(a)(1).

Nevertheless, Judge Kinkeade permitted the First Amended Complaint to serve as the Plaintiff's operative pleading.  Accordingly, because Plaintiff amended within the Scheduling Order's contemplated time frame, and because her Amendment would not have been proper as a matter of course, it appears the Amendment was made pursuant to the Court's leave.

Indeed, a district court's scheduling order "controls the course of the action," and moreover supplants Rule 15 with respect to amendments to pleadings.  *E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 324 (W.D. Tenn. 2012) (citation omitted); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  By directing the parties to amend pleadings within a certain time frame, it appears that Judge Kinkeade implicitly authorized the parties to amend within that period.  Further, the fact that Plaintiff's Amendment within that time frame did not meet either requirement for amendment as a matter of course tips the balance in favor of a finding that she had the Court's leave.

The Court's finding that Plaintiff had the Court's leave for both previous Amendments is dispositive as to Defendants' Motion to Strike her Third Amended Complaint.  Because Plaintiff's first two Amendments were made with the Court's permission, neither Amendment consumed her "one free shot" at amending as a matter of course.  *Duncan*, 2016 WL 9223846, at

*1.  Although parties often use their one free shot *before* requesting leave to amend, there is no requirement that they do so; a party may amend under Rule 15(a)(2) before it amends under 15(a)(1).  *See Green v. Southfield*, No. 15-13479, 2016 WL 692529, at *3–4 (E.D. Mich. Feb. 22, 2016) (citing *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015)). Before filing her Third Amended Complaint, Plaintiff still had her one free shot banked. Without seeking leave, she filed her Third Amended Complaint within 21 days of Defendants' Motion to Dismiss.  In so doing, she properly used her one free shot to amend as a matter of course.

Defendants resist this conclusion, citing cases from other jurisdictions in which plaintiffs were not allowed a second amendment as a matter of course.  [R. 96 at 3–4]; *see, e.g.*, *Gaumond v. City of Dallas*, No. 3:21-CV-00624-E, 2023 WL 2061170, at *11 (N.D. Tex. Feb. 15, 2023). But those cases are inapposite here because Plaintiff's Third Amendment was her first and only Amendment as a matter of course.  Accordingly, the Court will deny Defendants' Motion to Strike.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Defendants' Motion to Strike **[R. 96]** is **DENIED**;

2.  Plaintiff's Motion to Leave to Amend **[R. 100]** is **DENIED AS MOOT**.

This the 29th day of January, 2024.

Gregory F. Van Tatenhove
United States District Judge

5