UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| WILLIAM GRANVILLE COBLIN, JR., *as Executor of the Estate of Pollyann Coblin,* ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Civil Action No. 3:22-cv-00075-GFVT-MAS |
| DEPUY ORTHOPAEDICS, INC., *et al.*, ) ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff William Granville Coblin, Jr., Executor of the Estate of Pollyann Coblin ("Coblin"), has filed a Motion for Leave to Present Trial Testimony by Contemporaneous Transmission [DE 209], an idea that Defendants Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc., DePuy Products, Inc., DePuy International, Limited, DePuy Synthes, Inc., Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International (collectively "Defendants") oppose [DE 213]. In fact, of the five witnesses Coblin has subpoenaed, two have filed Motions to Quash. [DE 197, 212]. The crux of the dispute centers upon the interplay between FED. R. CIV. P. 43(a) and 45(c)(1). In short, Coblin seeks to use Rule 43 to compel remote trial testimony while circumventing the geographic and jurisdictional restraints of Rule 45. The rule does not permit such a request.

1

# I.    FACTUAL BACKGROUND

This litigation concerns a hip replacement received by Pollyann Coblin in 2009. Coblin has asserted claims sounding in strict liability, negligence, breach of warranty, and other tort claims arguing the hip replacement was defective leading to Pollyann Coblin's passing. The facts of the dispute and the nature of the legal claims are not germane to the present motion.

With the trial in this matter less than a month away, Coblin seeks subpoenas to compel the remote testimony of five witnesses, all former or current employees of Defendants. The witnesses are "Leanne Turner, a current employee (engineer); Dr. Pamela Plouhar, a former employee who was the head of Defendants' clinical research; Andrew Ekdahl, a former employee who was involved in hip marketing and went on to become President of DePuy; Paul Berman, a former employee who was director of hip marketing; and Dr. Thomas Schmalzried, a consulting surgeon who was involved in the marketing of the metal-on-metal hip implants." [DE 209, Page ID# 13009].

The parties agree that all five witnesses are located more than 100 miles from the courthouse in Frankfort, Kentucky, where this case is to be tried. [DE 209, Page ID# 13009]. Moreover, all five witnesses were deposed during fact discovery as part of the Pinnacle Multidistrict Litigation. [DE 213, Page ID# 13150–52].

# II.    ANALYSIS

Plaintiffs issued their five trial subpoenas based upon Rule 43, which governs taking testimony at trial. "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by

contemporaneous transmission from a different location." FED. R. CIV. P. 43(a). In the current motion, Coblin presents the good cause in compelling circumstances and appropriate safeguards that would permit the remote testimony of the five witnesses.

But Defendants counter that Rule 43(a)'s contours must be considered in conjunction with the limitations set forth in Rule 45(c)(1). That rule provides that a subpoena may command a person to attend a trial only if the trial is "within 100 miles of where the person resides, is employed, or regularly transacts business in person". FED. R. CIV. P. 45(c)(1)(A).[1]

Thus, the Court is faced with two legal questions. First, do the geographic limitations of Rule 45 hinder the scope and applicability of Rule 43 and the ability to present remote testimony? Second, if not, then has Coblin established good cause in compelling circumstances with appropriate safeguards to permit remote testimony? The Court will strive to answer these questions below.

A.   **RULE 45'S IMPACT ON RULE 43**

To date, the Sixth Circuit has not addressed the first question presented. Of the various courts that have reviewed the issue, there is a distinct split. Some district courts have permitted remote testimony via Rule 43 from a witness located anywhere in the United States greatly expanding the limited subpoenas powers provided to a district court. *See Bioconvergence LLC v. Attariwala*, No. 1:19-cv-1745, 2023 WL 4494020, at *1 (S.D. Ind. June 29, 2023) (collecting cases). "[C]ourts adopting this interpretation have held 'that a party may use a Rule 45 subpoena to compel remote

---

[1] Both parties agree that Rule 43(c)(1)(B) is not applicable given the current facts.

3

testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c) because 'the 100-mile limitation now found in Rule 45(c) has to do with the place of compliance; not the location of the court from which the subpoena issued . . . .'" *Id.* (quoting *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2021 WL 2605957, at *4 (N.D. Fla. May 28, 2021)). Other courts have required that remote testimony is subject to the same geographic limitations as any other trial subpoena under Rule 45. *Id.* at *2 (collecting cases). Per these courts, ignoring the geographic limitations of Rule 45 runs contrary to the text of the rule, contrary to the Advisory Committee Notes, and purports to "somehow moves a trial to the physical location of the testifying person." *Broumand v. Joseph*, 522 F. Supp. 3d 8, 10 (S.D.N.Y. Feb. 27, 2021). The only decision within the Sixth Circuit addressing this issue is *Singh v. Vanderbilt Medical Ctr.*, No. 3:17-cv-400, 2021 WL 3710442 (M.D. Tenn. Aug. 19, 2021). There, the district court agreed with the latter category of cases.

The Court begins its analysis where all analyses of such issues begin—the text. *Ross v. Blake*, 136 S.Ct. 1850, 1856 (2016) ("Statutory interpretation, as we always say, begins with the text."). At first glance, Rules 43 and 45 appear to conflict. The former expands trials to permit remote testimony in certain circumstances while the latter limits trials to exclude witnesses from outside the geographical limitation of 100 miles from the courthouse. Upon closer reading, however, the rules provide two distinct and different directives. As the Ninth Circuit recently described, while Rule

4

45 focuses on **where** a witness may testify at trial, Rule 43 focuses on **how**. *In re Kirkland*, 75 F.4th 1030, 1043 (9th Cir. 2023) ("Stated another way, Rule 45(c) governs the court's power to require a witness to testify at trial, and Rule 43(a) governs the mechanics of how trial testimony is presented."). "And logically, determining the limits of the court's power to compel testimony precedes any determination about the mechanics of how such testimony is presented." *Id*. Consequently, Rule 43 is applicable only if the witness is properly subpoenaed under Rule 45. The Court cannot compel how a person may testify if it cannot first ensure the witness is within the Court's reach to compel. As mentioned above, several courts have agreed that any textual reading reaches this mandatory conclusion. *See*, *e.g.*, *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *4 (D. Wyo. Dec. 2, 2020); *Broumand*, 522 F. Supp. 3d 8; *In re: Epipen (Epinephrine Injection, USP) Marketing, Sale Practices and Antitrust Litigaiton,* No. 17-md-2785, 2021 WL 2822535, at *4 (D. Kan. July 7, 2021); *Bioconvergence LLC*, 2023 WL 4494020; *Rochester Drug Coop., Inc. v. Campanelli*, No. 23 Misc. 89, 2023 WL 2945879 (S.D.N.Y. Apr. 14, 2023). "If this provision is construed to mean that a person residing anywhere (at least anywhere within the United States) can be compelled to provide testimony by videoconference from a spot (with videoconferencing capabilities) within 100 miles of their home, that would mean virtually everyone in the United States could be compelled to 'attend' trial in this manner." *Singh*, 2021 WL 3710442 at *3. Such a reading would completely negate the purpose of Rule 45.

Moreover, as the Ninth Circuit summarized in *In re Kirkland*, the Advisory Committee Notes further substantiate this plain, textual interpretation. 75 F.4th at 1043. Notably, the singular mention of Rule 45 and 43 together in the Adviosry Committee Notes is the following: ""When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." FED. R. CIV. P. 45 (Advisory Committee's Note, 2013 amendment). This comment emphasizes the plain language interpretation that Rule 43(a) permits remote, video testimony but only from the places permitted by a court's subpoena powers under Rule 45. "The note clarifies that Rule 45(c)'s geographical limitations apply even when remote testimony is allowed, and a witness is not required 'to attend' a trial or other proceedings in the traditional manner." *In re Kirkland*, 75 F.4th at 1043.

Coblin argues that several courts have permitted remote trial testimony, including a district court in this very MDL. *In re Depuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 3:11-MD-2244-K, 2016 U.S. Dist. LEXIS 195409, at *16 (N.D. Tex. Sep. 20, 2016). Simply, the Court does not find the rationale set forth in these cases persuasive. None of these cases conduct a textual analysis and all ignore the Advisory Committee Notes. Rather, these courts rely upon the practical reality of complex trials coupled with the preference for live witnesses and the ease of videoconferencing. Coblin does the same, emphasizing the value of live witnesses to the jury with minimal prejudice to Defendants. [DE 209, Page ID# 13012–13].

The Court does not disagree with the practical sentiment, but the Court cannot ignore the plain edicts of the above analysis of Rule 45 for the sake of convenience. And while the Fifth Circuit denied a writ of mandamus on the order permitting remote testimony in this MDL based upon the limited mandamus standard, one member of the panel made it clear that the analysis of Rules 43 and 45 was "misapplied". [DE 213-1, Page ID# 13166].

One witness who is the focus of the motion practice is Leanne Turner ("Turner"). Coblin alleges that she will serve as Defendants corporate representative at trial. [DE 209, Page ID# 13009]. However, Defendants never confirm nor deny that Turner will serve as the corporate representative at trial. Regardless, none of this alters the analysis of the Court's subpoena powers. [DE 213, Page ID# 13161]. If Turner is the corporate representative and is present in the courtroom during Coblin's case-in-chief, then Coblin can certainly call her as a witness. If, however, Turner only appears in Court during Defendants' case-in-chief and Defendants call her as a witness, Coblin will have to obtain her testimony then. Merely because Turner may testify live during Defendants' case does not mean the Court's subpoena powers somehow extend to include her.

In the end, Rule 45(a)(2) states that a "[a] subpoena **must** issue from the court where the action is pending." FED. R. CIV. P. 45(a)(2) (emphasis added). The upcoming trial is set for here in the Eastern District of Kentucky. The Court cannot issue a subpoena that compels actions by a witness well beyond its jurisdictional limits simply because technology has eased the practical burdens. Federal courts

7

remain one of limited jurisdiction and practical concerns cannot drive the Court to ignore such fundamental principles. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (discussing that federal courts are courts of limited jurisdiction).

Because the Court cannot compel the witnesses to testify under Rule 45, the Court need not "consider whether the testimony . . . merits the use of video transmission of testimony through the good cause in compelling circumstances standard articulated in Rule 43." *Black Card LLC*, 2020 WL 9812009, at *4. Thus, the Court will decline answering the second question.

### III. CONCLUSION

For the stated reasons, Coblin's Motion for Leave to Present Trial Testimony by Contemporaneous Transmission [DE 209] is **DENIED**. Moreover, the Motions to Quash filed by Pamela Plouhar [DE 197] and Paul Berman [DE 212] are **GRANTED**.

The undersigned enters this Memorandum Opinion and Order pursuant to 28 U.S.C. § 636(b)(1)(A). Within fourteen (14) days after being served with a copy of this Memorandum Opinion and Order, either party may appeal the decisions to Judge Van Tatenhove pursuant to § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this 29th day of March, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY